IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DENNIS BRUCE HAMMONS, ) <br> ) <br> Defendant. ) <br> ) | Case No. CR-06-126-S-BLW <br><br> **ORDER** |

Pending before the Court is Defendant's Motion for Adequate Dental Care (Docket No. 774). Having considered the Motion and the Government's Response (Docket No. 787), the Court enters the following Order denying the Motion.

## BACKGROUND

Defendant has been in custody of the U.S. Marshals Service ("USMS") and housed at the Ada County Jail since February of 2008 on the charges pending in this case. Defendant has a tooth that originally cracked in September of 2006 while he was being housed at a jail facility in New Hampshire. He states that the tooth has abscessed and requires a root canal and a crown according to a dentist at

**Order - 1**

y

the New Hampshire facility and a dentist at the Ada County Jail.  However, because the procedure was not authorized by the USMS, each dentist offered to pull the tooth to alleviate his symptoms.  Defendant declined both times because he feels that pulling the tooth would cause more serious problems in the future.  He alleges he has been in "nearly constant severe pain" and has difficulty eating and chewing.

The Government responds that Defendant has been offered dental care on several occasions at the Ada County Jail, that the USMS Prisoner Health Care Standard specifically excludes dental crowns from coverage as well as root canals for a tooth that requires extensive restoration.  According to the dental records at Ada County Jail, Defendant's tooth apparently does need extensive restoration. *See Govt. Resp.*, Ex. A (Docket No. 787-2) (extensive decay, necrotic pulp).  The Government provided a summary of Defendant's contacts with the dentist at that facility.  Defendant has not filed a reply.

## DISCUSSION

The Court recognizes that the USMS is required to acquire "adequate . . . health care . . . to support prisoners under the custody of the U.S. Marshal who are not housed in Federal facilities." *See* 28 C.F.R. § 0.111(o).  The Court also recognizes that it is the policy of the USMS not to authorize payment for the

**Order - 2**

procedures Defendant seeks absent an order of the Court.

Cases addressing the standard of dental care owed to prisoners most frequently arise in the context of eighth amendment claims in *Bivens* and § 1983 actions alleging deliberate indifference to serious medical needs.  Those cases provide helpful guidance to the Court in deciding whether to order the USMS to provide Defendant with a root canal and crown.

Because "'[d]ental care is one of the most important medical needs of inmates,'" the eighth amendment requires that prisoners be provided with "a system of ready access to adequate dental care."  *Hunt v. Dental Department*, 865 F.2d 198, 200 (9th Cir. 1989) (citing *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980), *cert.denied*, 450 U.S. 1041 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982)).  That said, however,

> [A] correctional facility is not a health spa, but a prison in which convicted felons are incarcerated.  Common experience indicates that the great majority of . . . prisoners would not in freedom or on parole enjoy the excellence in dental care which the plaintiffs understandably seek on their behalf.  We are governed by the principle that the objective is to "provide the minimum level of [dental] care required by the Constitution." (citations omitted.)   "[T]he essential test is one of medical necessity and not one simply of desirability." (citation omitted).

*Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir.1986).  *See also Petrazzoulo v. U.S.*

**Order - 3**

*Marshals Service*, 999 F.Supp. 401, 407 (W.D.N.Y. 1998) (quoting *Dean* and finding the controlling question to be whether dentures were a medical necessity for plaintiff or merely cosmetic).

In *Hunt*, a prisoner lost his dentures in a prison riot in which he did not participate. He alleged that prison officials were aware of his resulting severe pain, bleeding gums, breaking teeth, and inability to eat properly, yet they did not provide new dentures for over three months. The court found these allegations were sufficient to state a claim of deliberate medical indifference under § 1983.

In *Petrazzoulo*, the USMS denied authorization for an expenditure for dentures for a pretrial detainee who needed full mouth tooth extractions to treat a fractured jaw. The denial was based on the grounds that dentures constituted elective rather than necessary medical care. Distinguishing *Hunt*, the court found that Petrazzoulo failed to raise a material issue as to whether defendants intentionally disregarded an excessive risk to his health or safety. *Petrazzoulo*, 499 F.Supp. at 408-09. The court found it significant that the prisoner had received prompt medical care, pain medication, and ultimately a diet of soft food indicating that his needs were not being ignored. *Id*.

Here, the records of the medical unit at the Ada County Jail indicate that for the thirteen months prior to his motion, Defendant has had several contacts with

**Order - 4**

the Ada County Jail dentist within days of each request. A year before his motion, the dentist noted "extensive decay, necrotic pulp & recommended extraction." *Govt. Resp.,* Ex. A (Docket No. 787-2). The notes further indicate that Defendant reported no pain, wanted to save the tooth, and declined extraction. *Id.* Eight months later, the dentist noted that Defendant reported that the tooth had an abscess or infection, yet the next day Defendant canceled his dental appointment because his condition had improved. *Id.* Three months later, Defendant requested an antibiotic for an infection in the cracked tooth but despite being advised that it was necrotic, he again declined extraction because he had no current pain or problems. *Id.* As recently as March 7, 2009, Defendant refused ibuprofen stating he had no pain from his tooth. *Id. Cf. Petrazzoulo* (prisoner's "vague assertion" that he was in pain and suffered for the rest of his stay at the prison directly contradicted his statements to the dentist and the record available to the USMS when it made its adverse determination).

After Defendant filed his motion, at the request of the USMS in Boise, the dental records were reviewed by a nurse consultant at the USMS Headquarters in Washington, D. C. who disapproved an expenditure for a root canal and crown procedure. *Id. Cf. Petrazzoulo* (prisoner had several dental visits following extraction, had no complications, and the medical director had his decision

**Order - 5**

promptly reviewed by USMS Headquarters).

## CONCLUSION

The dental records indicate that the Ada County Jail and USMS responded promptly to each of Defendant's requests for treatment. Those records belie Defendant's claim that he was in "nearly constant severe pain." The Court finds Defendant's lack of response to the comments in the dental records significant. Furthermore, it appears that Defendant was offered extraction as a way of dealing with any symptoms caused by the necrotic tooth. He rejected that option.

As stated in *Petrazzoulo*, the essential test is medical necessity rather than desirability. Although Defendant may desire a root canal and crown, he has not shown that it is a medical necessity that he have that procedure. Rather, he offers a speculative, unsubstantiated claim that extraction would cause more serious problems in the future. Defendant is not entitled to have his treatment of choice. Rather, he is constitutionally entitled to a minimal level of care.

The Court can find no basis on the record here to grant Defendant's motion. He will be sentenced within the next several days and thereafter sent to a BOP facility to serve his term of imprisonment. While there, Defendant may wish to pursue the matter further.

**Order - 6**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Adequate Dental Care (Docket No. 774) is DENIED.



DATED: **April 10, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 7**